IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF MONTANA, BENJAMIN HALVERSON, SARAH L. HYDE, MOLLY ROSE FERINGER, OFFICER WOLD, YELLOWSTONE COUNTY, and BPD OFFICER TANNER BEUCHLER,<br><br>Defendants. | CV 20-00080-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to this Court's order of November 5, 2020, Plaintiff Ryan Patrick Sullivan ("Sullivan") filed a Second Amended Complaint. (Doc. 20.) He has also filed a motion for a protective order (Doc. 21), and a motion to appoint counsel (Doc. 22). The motions will be denied, as explained below, and the Second Amended Complaint should be dismissed in part, stayed, and served in part.

I.  **SCREENING ANALYSIS**

A.  **Count I—Conditions of Confinement**

Sullivan has raised essentially the same two claims in his Second Amended

1

Complaint as he did in his first, and generally, they suffer from the same infirmities. Liberally construed, Sullivan has raised the following potential claims in Count 1: assault, forced labor, and denial of medical care. Though he is now a sentenced prisoner, his claims arose prior to his sentence, so they will be analyzed as though he were a pretrial detainee.[1]

This Court's prior order explained the standards for a claim of unconstitutional conditions of confinement. (Doc. 16 at 7.) Relevant here, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (*quoting Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A pretrial detainee must "prove more than negligence but less than subjective intent–something akin to reckless disregard." *Id*.

### 1. Alleged Assaults

Sullivan's Second Amended Complaint makes it clear, where his first did not, that the physical assault he suffered was at the hands of another inmate—a punch to the face. (Doc. 20-1.) Sullivan does not sue this inmate, but neither can

---

[1] Sullivan was sentenced on October 1, 2020 to confinement at Montana State Prison, though he appears still to be in Yellowstone County. His state convictions arose in multiple cases, and he currently has various post-conviction proceedings in front of the Montana Supreme Court. *See* Appellee's Br., *Sullivan v. State of Montana*, DA 20-0558, Montana Supreme Court, filed April 15, 2021.

he show that the punch was in any way the result of Defendant Wold's conduct. At most, Wold may have negligently disregarded the punching inmate's objection to Sullivan being placed in his cell, but inmates generally are not asked to consent in these matters. Further, the incident occurred immediately upon opening the door to the cell—Sullivan's original complaint suggested that he was left in some dangerous situation for a long time. As it happens, he was immediately removed and returned to his own cell. Sullivan does not state a claim relative to this assault.

Sullivan also alleges a sexual assault. In his initial Complaint, Sullivan complained that Wold had "touched" his genitals while handcuffing him. (Doc. 2 at 6.) In his Second Amended Complaint, Sullivan now states that Officer Wold "groped" his genitals. (Doc. 20 at 8.) As the Court previously noted, the Ninth Circuit has recently held that,

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

*Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). Sullivan has not alleged that he was touched in a sexual manner for a staff member's own sexual gratification. But he claims Wold "laughed about it," which could reflect a purpose of humiliating, degrading or demeaning a prisoner. Sullivan has stated a

3

possible Fourteenth Amendment claim (interpreting the Eighth Amendment claim language from *Bearchild* in a pre-trial detainee context). This claim should be served on Wold.

### 2. Forced Labor

Sullivan's claims regarding forced labor have not been amended since his Second Amended Complaint. He continues to fail to state a claim, as explained in this Court's prior order. This claim should be dismissed.

### 3. Medical Care

Sullivan's medical care claim is similarly deficient. His lip or mouth was cut when he was punched. The documents attached to his Second Amended Complaint state that he was offered medical care. (Doc. 20-1 at 3.) He disagrees, alleging that he was "pressed not to get" medical care. Nevertheless, he does not assert that he asked for medical care and was denied it, or that any defendant knew he was seriously injured and failed to do anything about it. He has not shown that a defendant caused him injury by "purposely or knowingly" failing to take appropriate measures to abate a risk of serious harm and that this failure was "objectively unreasonable." *Castro*, 833 F.3d at 1069 (*quoting Kingsley*, 576 U.S. at 397). Sullivan has not stated a denial of medical care claim, and this claim should be dismissed.

4

### 4. Yellowstone County

The Second Amended Complaint also asserts a claim in Count I against Yellowstone County. Yellowstone County, as explained in this Court's prior order, has no respondeat superior liability under Section 1983; that is, the County has no liability under the theory that it is liable simply because it employs a person who has violated plaintiff's rights. *See Monell*, 436 U.S. at 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The County is a "person" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Monell*, 436 U.S. at 690. But Sullivan has alleged no such policy or custom, nor any allegation that would make Yellowstone County liable under § 1983. Yellowstone County should be dismissed.

## B. Count II—Ongoing State Court Proceedings

In Count II, Sullivan challenges several of the actions of Yellowstone County Prosecutors and a Billings police officer, related to the criminal proceedings that led him to the Yellowstone County Detention Facility. As this Court previously explained, there is a strong policy against federal intervention in state judicial processes. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). It appears from the online docket of the Montana Supreme Court that

5

Sullivan has three proceedings before that court. For the reasons explained in this Court's prior order, abstention is proper at this time. *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (abrogated on other grounds by statue). The exceptional circumstances which limit application of the doctrine are restricted to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Sullivan has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings. If the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

Sullivan requests an investigation into the misconduct of the Billings Police Department and the Yellowstone County's Attorney's office. To the extent that is a request for injunctive relief, the Court will recommend dismissal. Sullivan's request for monetary damages should be stayed pending the outcome of the

ongoing state proceedings.

### 1. Officer Beuchler

Sullivan has newly alleged facts against Billings Police Department Officer Tanner Beuchler in his Second Amended Complaint. (Doc. 20 at 12.) Sullivan alleges Beuchler gave the victim of his state charges "keywords" to get him arrested and possibly made other false statements related to the charges. *Id.* The allegations regarding "keywords" likely do not state a claim, but it is possible that defects in his arrest may. The allegations are not entirely clear, and they may or may not state a claim, but they are the subject of the pending state court proceeding. As such, this claim should be stayed.

### 2. Prosecutors Halverson, Hyde, and Rose-Feidinger

State prosecutors are absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). That is, "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). As a general matter, prosecutorial immunity is absolute and sweeping. State prosecutors are immune when "'initiating a prosecution' and 'presenting the State's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . after a decision to

7

seek indictment has been made.'" *Gormon v. Cty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (internal citations omitted). Still, a prosecutor is not entitled to immunity when he "is not acting as an officer of the court, but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (citation and quotation marks omitted).

Sullivan has elaborated his claims against these defendants, which are also the heart of Sullivan's state law matters in the Montana Supreme Court. It appears the only facts that could possibly be construed as not "intimately associated with the judicial phase of the criminal process" are that the prosecutors accepted gifts as a bribe from the victim and listened to a conversation Sullivan had with his attorney. *Imbler*, 424 U.S. at 430. Nevertheless, because the Court should stay this claim pending the state court proceedings, and there are only contestable facts before the Court at this time, it will not reach the ultimate question of prosecutorial immunity.

### 4. State of Montana

Sullivan has not amended his claim regarding the State of Montana and has not named a state official in his or her official capacity. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). Additionally, it appears Sullivan is naming the State in connection with his pending criminal charges. Sullivan cannot proceed in federal court to challenge ongoing state criminal proceedings. The State of Montana should be dismissed.

   II.   **Sullivan's motion for appointment of counsel.**

Sullivan has moved the Court for appointment of counsel, with no factual or legal support. (Doc. 22.) No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive

9

and both must be viewed together before reaching a decision. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Sullivan seeks the assistance of an attorney simply because he is in jail. (Doc. 22.)  He has not made a sufficient showing of exceptional circumstances under *Terrell*.  He has not demonstrated a likelihood of success on the merits, and he has articulated his claims effectively enough to survive dismissal.  The Court does not see a sufficient basis to appoint counsel.  The motion will be denied.

### III. Motion for Protective Order

Sullivan's motion for a protective order is similarly unavailing.  (Doc. 21.) He has elaborated further on the motion from his first filing in Doc. 11, but the motion does nothing but reiterate the facts of his Amended Complaint.  He provides no legal authority or mechanism by which the Court could or should act prospectively.  He is correct that this Court's prior denial was subject to renewal, but a renewed motion must demonstrate some legal grounds upon which the Court can act.  His does not.  The motion will be denied.

### IV. Severance of the claims

Because the claims and parties are wholly different in Counts I and II, and Count II must be stayed pending the state proceedings, the Court concludes that the

claims should be severed. Under Fed. R. Civ. P. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." A district court has "broad discretion ... to make a decision granting severance." In deciding whether to sever a claim under Rule 21, a court considers the following factors:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for the separate claims.

*Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2017 WL 2081236, at *4 (N.D. Cal. May 15, 2017). An analysis of Sullivan's claims, in light of these factors, shows that severance is proper. The claims arise out of wholly different factual scenarios, there are no overlapping questions of law or fact, settling one claim would have no effect on the other, and the evidence will be entirely different on the claims.

Therefore, the Court concludes that Count I should proceed under the caption of *Sullivan v. Wold*, and Count II should be captioned *Sullivan v. Beuchler, Halverson, Hyde, and Rose-Feidinger*. The case containing Count II should be

stayed and administratively closed, pending notice from Sullivan that the Montana state proceedings have concluded.

## V. CONCLUSION

Accordingly, the Court makes the following:

### RECOMMENDATIONS

1.	Sullivan's claims in Count I should be dismissed, except for the claim against Officer Wold for allegedly groping Sullivan's genitals, and related state law claims.

2.	Pursuant to Fed. R. Civ. P. 4(d), the Court should request that Defendant Wold waive service of summons of the Amended Complaint by executing, or having counsel execute, a Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order. If Wold chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days of the date of the Order pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

3.	The Clerk of Court should be instructed to mail the following documents to Wold:

   *	Second Amended Complaint (Doc. 20);

   *  this Order;

   *   a Notice of Lawsuit & Request to Waive Service of Summons; and

   *  a Waiver of Service of Summons.

  4. Sullivan should be instructed to <u>not</u> make any motion for default until at least 70 days after the date of the Court's Order.

  5. The parties should be instructed that, pursuant to Local 26.1(d), "no party may begin discovery until a scheduling order has been issued."

  6. The Court should abstain from exercising jurisdiction over Count II, and all of Sullivan's claims for injunctive and declaratory relief advanced against all Defendants in Count II should be DISMISSED without prejudice. The remainder of Sullivan's claims seeking monetary damages against the Defendants in Count II should be STAYED until Sullivan's state court proceedings are completed.

  7. The Clerk of Court should be directed to open a new matter with the caption of *Sullivan v. Beuchler, Halverson, Hyde, and Rose-Feidinger*. The Second Amended Complaint and this Order should be filed in that case and it should be administratively closed. Sullivan should be directed to file a report on the status of his state court cases every six months until such time as they have been resolved. Sullivan should be advised that if he desires to continue this matter

after disposition of the state court cases, he must request the stay be lifted and the case be reopened within thirty days of completion of the appellate process.

8.     The State of Montana and Yellowstone County should be DISMISSED as defendants.

The Court further issues the following:

### ORDER

1.     Sullivan's Motion for Appointment of Counsel (Doc. 22) is DENIED.

2.     Sullivan's Motion for Protective Order (Doc. 21) is DENIED without prejudice and subject to renewal.

3.     Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.     At all times during the pendency of this action, Sullivan must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the

dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 10th day of May, 2021.

<u>/s/ Timothy J. Cavan</u>  
U.S. Magistrate Judge  
District of Montana

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER WOLD,<br><br>Defendant. | CV 20-00080-BLG-SPW-TJC<br><br><br>RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |

TO: Officer Wold
      Yellowstone County Detention Facility
      3165 King Avenue East
      Billings, MT 59101

A lawsuit has been filed against you in this Court under the number shown above. A copy of the Second Amended Complaint (Doc. 20) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if you were served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent to answer the Second Amended Complaint. If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve you with the summons and Complaint and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 10th day of May, 2021.

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER WOLD,<br><br>Defendant. | CV 20-00080-BLG-SPW-TJC<br><br><br>RULE 4 WAIVER OF SERVICE OF SUMMONS |

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case.  Defendant also received a copy of the Second Amended Complaint (Doc. 20).  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____.

The above-named Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

3

waive any objections to the absence of a summons or of service.  Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if he fails to do so default judgment will be entered against him.

Date:  _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)