**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| RYAN PATRICK SULLIVAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF MONTANA, BENJAMIN HALVERSON, SARAH L. HYDE, MOLLY ROSE FEHRINGER, OFFICER WOLD, YELLOWSTONE COUNTY, and BPD OFFICER TANNER BEUCHLER,<br><br>Defendants. | Cause No. CV 20-80-SPW-TJC<br><br>**ORDER RE FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court is United States Magistrate Judge Cavan's Order and Findings and Recommendations (Doc. 25), filed on May 10, 2021, regarding Plaintiff Ryan Sullivan's Second Amended Complaint (Doc. 20).[1] Judge Cavan recommended that the Second Amended Complaint be dismissed in part, stayed, and served in part. (Doc. 25 at 1). Sullivan timely objected to these recommendations on May 17, 2021. (Doc. 26). Sullivan also filed a supplement to his objections on May 19, 2021. (Doc. 27). The matter is fully briefed and ripe for

[1] Judge Cavan also addressed Sullivan's Motion for Protective Order (Doc. 21) and Motion to Appoint Counsel (Doc. 22). However, only Judge Cavan's recommendations regarding Sullivan's Second Amended Complaint are before the Court now.

adjudication. After careful review, the Court adopts Judge Cavan's Findings and Recommendations in full.

## I. STANDARD OF REVIEW

Parties are entitled to *de novo* review of those portions of Judge Cavan's findings and recommendations to which they timely and properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## II. FINDINGS AND RECOMMENDATIONS

On November 5, 2020, Judge Cavan found that Sullivan's Complaint failed to state federally cognizable claims and provided Sullivan an opportunity to amend the complaint. (Doc. 16). Sullivan filed his Second Amended Complaint on December 2, 2020. (Doc. 20). The Second Amended Complaint states two similar claims to the original complaint. (Doc. 25 at 2). In Count I, Sullivan raises claims for unconstitutional conditions of confinement, including assault, forced labor, and denial of medical care. (*Id.*). In Count II, Sullivan raises claims challenging actions taken by Yellowstone County Prosecutors and a Billings Police Officer. (*Id.* at 5).

### *A. Count I.*

Regarding the assault claim, Judge Cavan found that Sullivan failed to adequately state a claim for assault stemming from the alleged incident where Sullivan was punched in the face by another inmate. (Doc. 25 at 3). However, Judge Cavan found that Sullivan did state a legally sufficient Fourteenth Amendment claim against Officer Wold for allegedly groping Sullivan's genitals while Sullivan was handcuffed. Judge Cavan recommended the claim be served on Officer Wold. (*Id.* at 3-4).

Regarding the forced labor claim, Judge Cavan found that Sullivan failed to properly amend the deficient claim and recommended that the claim be dismissed. (*Id.* at 4).

Regarding the denial of medical care claim, Judge Cavan found that the amended claim remained deficient. Specifically, "[Sullivan] has not shown that a defendant caused him injury by 'purposefully or knowingly' failing to take appropriate measures to abate a risk of serious harm and that this failure was 'objectively unreasonable . . .'" as required by law. *Citing Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Judge Cavan recommended the claim be dismissed. (Doc. 25 at 4).

Sullivan also included a claim against Yellowstone County based on the allegations in Count I. However, Judge Cavan found that Sullivan failed to properly allege an official policy or custom of Yellowstone County that led to the constitutional tort as required by 42 U.S.C. § 1983. Judge Cavan recommended the claim be dismissed.

*B. Count II.*

Judge Cavan found that Sullivan currently has three proceedings pending before the Montana Supreme Court. Citing *Younger v. Harris*, 401 U.S. 37 (1971), Judge Cavan recognized the strong policy against federal intervention in

ongoing state proceedings. The Magistrate Judge recommended the Court stay Sullivan's claims pending resolution of the state proceedings except where Sullivan requests only injunctive or declaratory relief. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007) ("However, when a federal plaintiff seeks monetary damages (rather than injunctive or declaratory relief) in a case requiring abstention under *Younger*, dismissal is not the appropriate procedural remedy").

Judge Cavan found that the claims against Officer Beuchler seek monetary damage and therefore should be stayed. (Doc. 25 at 7). Judge Cavan found that the claims against Yellowstone County Prosecutors Halverson, Hyde, and Rose Fehringer should be stayed for the same reasons. (*Id.* at 8). However, because Sullivan failed to amend his claim against the State of Montana, Judge Cavan recommended the claim be dismissed. (*Id.* at 9).

## III. OBJECTIONS

Sullivan appears to agree with Judge Cavan's recommendation to abstain from further federal proceedings until the Montana Supreme Court has a chance to resolve the state proceedings. However, Sullivan objects that the dismissal of some of his claims is premature.[2] Specifically, Sullivan complains that he was

[2] Sullivan also appears to object to Judge Cavan's order denying his motion for an attorney. However, magistrate judges have the power to determine any pretrial matter before the court with certain exceptions. 28 U.S.C. § 636(b)(1)(A). This Court has the power review any pretrial order only when shown to be clearly erroneous or

forced to "remove" graffiti and not simply "clean" the graffiti as found by Judge Cavan. (Doc. 26 at 7). Sullivan contends this forced labor represents cruel and unusual punishment. Further, Sullivan alleges that both he and the inmate who allegedly punched Sullivan warned Officer Wold not to put Sullivan in the cell before doing so and any further action by Officer Wold leading to the physical altercation was therefore purposeful. (*Id.* at 8-9). Sullivan repeats his allegation that he was then bullied into not getting medical care for his injuries. (*Id.* at 9). Sullivan states that he submitted countless grievances and that prison officials apologized to Sullivan for the incident but did not remove Officer Wold from the block or otherwise reprimand him. (*Id.*).

Despite these objections, Sullivan has presented no argument or factual allegation that was not presented before Judge Cavan twice before. After reviewing applicable legal standards and the facts alleged, the Court agrees with Judge Cavan's Findings and Recommendations. Whether Sullivan was made to remove or clean the graffiti does not change the deficiencies in the stated claim. Further, Officer Wold's actions regarding the claimed assault may have been negligent but the Court cannot agree with Sullivan that they were purposeful or in reckless disregard. Officer Wold's alleged comment that he was "going to show

contrary law. Sullivan has failed to demonstrate how Judge Cavan's order regarding Sullivan's request for an attorney is clearly erroneous or contrary to law.

you how we do it around here" occurred before Sullivan was taken to the cell and the assault appears to have occurred immediately upon entering the cell. (*Id.* at 8). The Court agrees with Judge Cavan that, at most, this sequence of events demonstrates that Officer Wold was negligent in ignoring the objections of Sullivan and the inmate, but negligence falls short of the reckless disregard required to state a proper claim. Finally, Sullivan states that he was "bullied" into not getting medical care but again fails to demonstrate that he requested medical care and was denied. (*Id.* at 9). The Court agrees with Judge Cavan's finding that Sullivan has not stated a legally cognizable claim for denial of medial care.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 25) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that Sullivan's claims in Count I of the Second Amended Complaint (Doc. 20) are DISMISSED with the exception of the claim against Officer Wold for allegedly groping Sullivan and the related state law claims.

The Court requests that Defendant Wold waive service of the Second Amended Complaint, pursuant to Fed. R. Civ. P. 4(d), by executing, or having counsel execute, a Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order. Should Wold return the

Waiver of Service of Summons, his answer or appropriate motion shall be due within 60 days of the date of the Order pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

The Clerk of Court is directed to mail the following documents to Wold:

1. Second Amended Complaint (Doc. 20);
2. A copy of this Order;
3. A Notice of Lawsuit & Request to Waive Service of Summons; and
4. A Waiver of Service of Summons.

Sullivan is directed to not make any motion for default until at least 70 days after the date of this Order. The parties are directed, pursuant to Local Rule 26.1(d), "no party may begin discovery until a scheduling order has been issued."

**IT IS FURTHER ORDERED** that the Court abstains from exercising jurisdiction over Count II of the Second Amended Complaint, and all of Sullivan's claims for injunctive and declaratory relief advanced against all Defendants in Count II are DISMISSED without prejudice. The remainder of Sullivan's claims seeking monetary damages against Defendants in Count II are STAYED pending resolution of Sullivan's state court proceedings.

The Clerk of Court is directed to open a new matter with the caption of *Sullivan v. Beuchler, Halverson, Hyde, and Rose-Fehringer*. The Second Amended Complaint and this Order shall be filed in that case and the case shall be

administratively closed. Sullivan is directed to file a report on the status of his state court cases every six months until such time as they have been resolved. Sullivan is advised that if he desires to continue this matter after disposition of the state court cases, he must request the stay be lifted and the case reopened within 30 days of completion of the appellate process.

**IT IS FURTHER ORDERED** that Defendants State of Montana and Yellowstone County are DISMISSED.

DATED this 26th day of March, 2021.

Susan P. Watters

SUSAN P. WATTERS
U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

RYAN PATRICK SULLIVAN,

Plaintiff,

vs.

OFFICER WOLD,

Defendant.

CV 20-00080-BLG-SPW-TJC

RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS

TO: Officer Wold
Yellowstone County Detention Facility
3165 King Avenue East
Billings, MT 59101

A lawsuit has been filed against you in this Court under the number shown above. A copy of the Second Amended Complaint (Doc. 20) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you were served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent to answer the Second Amended Complaint. If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve you with the summons and Complaint and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 27th day of May, 2021.

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

RYAN PATRICK SULLIVAN,

Plaintiff,

vs.

OFFICER WOLD,

Defendant.

CV 20-00080-BLG-SPW-TJC

RULE 4 WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case. Defendant also received a copy of the Second Amended Complaint (Doc. 20). I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_______________________________.

The above-named Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

waive any objections to the absence of a summons or of service. Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if he fails to do so default judgment will be entered against him.

Date: ___________________________

_________________________________

(Signature of the attorney
or unrepresented party)

_________________________________

(Printed name)

_________________________________

(Address)

_________________________________

(E-mail address)

_________________________________

(Telephone number)