IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN, | CV 20-00080-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| BRADLEY WOLD, ET AL., | |
| Defendants. | |

Several motions are pending before the Court: Defendant Dakota Cortese's Motion for Judgment on the Pleadings (Doc. 80), Defendant Yellowstone County's Motion for Judgment on the Pleadings (Doc. 82), Defendant Eric Fahiner's Motion for Judgment on the Pleadings (Doc. 84), Defendant Patrick Shorter's Motion for Judgment on the Pleadings (Doc. 86), Defendant Bradley Wold's Motion for Partial Judgment on the Pleadings (Doc. 88), and Plaintiff Ryan Patrick Sullivan's Motion to Appoint Counsel (Doc. 93.) The motions for judgment will be granted, as explained below. Sullivan's motion for counsel will be denied.

I. BACKGROUND

The Court has detailed the background of this litigation in prior orders. (Docs. 16 and 25.) Relevant here is that on May 26, 2022, Sullivan filed his Third

1

Amended Complaint. (Doc. 73.) (There is some confusion among the parties about the number of Sullivan's amendments. He has filed Complaints at Docs. 1, 17, 20, and 73.) Sullivan's motion to amend his Complaint was filed only a few days after the deadline for such motions in the Court's scheduling order. (Doc. 63.) The Third Amended Complaint adds four defendants not found in the previous Complaints, Defendants Cortese, Shorter, Melson, and Fahiner, and renews claims against Yellowstone County. (Doc. 73.) (Yellowstone County had previously been dismissed by Order of May 27, 2021.)

Defendants Cortese, Wold, Shorter, Fahiner, and Yellowstone County filed timely Answers on July 21, 2022. (Docs. 75, 76, 77, 78, and 79.) Defendant Melson has apparently not been served and has not appeared.[1]

The motions deadline in the Court's Scheduling Order was July 8, 2022. (Doc. 48.)

---

[1] Because Sullivan is proceeding in forma pauperis, 28 U.S.C. § 1915(d) provides, "the officers of the court shall issue and serve all process and perform all duties in such cases." Accordingly, the Court has the responsibility of having the Complaint properly served upon a defendant upon motion of the plaintiff. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Sullivan must provide accurate and sufficient information to effect service. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)(*overruled on other grounds Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)); *see also* Fed. R. Civ. P. 4. When a plaintiff proceeding in forma pauperis fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, the Court may *sua sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1422.

## II. ANALYSIS

Each Defendant has filed a motion for judgment on the pleadings. (Docs. 80, 82, 84, 86, and 88.) Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). Allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

The analysis of a Rule 12(c) motion is similar to that of a Rule 12(b)(6) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient

3

allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011).

A. Timeliness

Sullivan's main response to Defendants' motions is that they are untimely. (Doc. 94 at 3.) He appropriately relies on this Court's prior scheduling order and the Rules of Federal Procedure in his analysis. However, there is a puzzling flaw in his argument. First, he states that Defendants Cortese, Shorter, Melson, Fahiner, and Yellowstone County failed to answer or file motions within the 60 days allowed by Fed. R. Civ. P. 4's waiver language. (Doc. 94 at 4 and 7.) This assertion is incorrect. The Court's request for waiver was made on May 26, 2022, and Defendants' Answers were filed on July 21, 2022. (Docs. 75, 76, 77, 78, and 79.)

Sullivan next misinterprets both Rule 4 and the Court's waiver language, maybe based on his confounding conclusion that Defendants did not answer, or maybe based on confusion about what the motions mentioned in the waiver language are. Defendants had the choice of filing an Answer or one of the motions enumerated in Fed. R. Civ. P. 12(b). In this case, the Defendants chose to file Answers, and then "after the pleadings were closed, [i.e., their Answers filed]," they chose to move for judgment on the pleadings. Fed. R. Civ. P. 12(c).

There was nothing procedurally improper about Defendants' course of

4

action. Adhering to the Court's outdated scheduling order under the circumstances would have been impractical, and for the new defendants, impossible. As the Court's prior Order acknowledged, appearance of new defendants likely would necessitate a new scheduling order. (Doc. 72 at 6.) The newly-served defendants were entitled to the benefit of their Rule 4 waiver. Their motions were prompt following their Answers.

As Sullivan points out, Defendant Wold is a closer case, since he was not a new party to the lawsuit. But there is no reason to hold Defendant Wold to a different timeframe, as his Answer to the Second Amended Complaint was also the first opportunity he would have had to move for judgment on the pleadings regarding that particular pleading. Fed. R. Civ. P. 12(c). Therefore, the Court will proceed to the merits of Defendants' motions.

B. Cortese's Motion for Judgment on the Pleadings (Doc. 80.)

Defendant Cortese's brief asserts that, though Sullivan's Amended Complaint includes allegations against him, it contains no facts to state a claim against him. (Doc. 81 at 7 et seq.) The Third Amended Complaint mentions Cortese by name in ¶¶ 12, 16, 17, 31, 34. (Doc. 73.) The gist of these allegations is that Cortese was one of the guards who "violently extracted" Sullivan from his cell, escorted Sullivan to a different cell, moved him again after he was punched by

5

an inmate, was aware of Defendant Wold's unconstitutional conduct and did not intervene, and retaliated against Sullivan for his threats to file a lawsuit.

The facts alleged of Cortese escorting Sullivan from cell to cell do not begin to state a claim of constitutional proportion. The Court will focus on the other three potential allegations, the "violent extraction," the failure to intervene, and retaliation.

"[T]he appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015).

> [T]the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. And in *Bell,* we explained that such "punishment" can consist of actions taken with an "expressed intent to punish." 441 U.S., at 538, 99 S.Ct. 1861. But the *Bell* Court went on to explain that, in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not "rationally related to a legitimate nonpunitive governmental purpose" or that the actions "appear excessive in relation to that purpose."

*Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015). See also *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1123 (9th Cir. 2018).

Sullivan has alleged no facts that would state a claim against Cortese for the use of excessive force. All he has said was that Cortese was involved in a "violent" extraction. He has alleged no intent to punish, no level of use of force, no excessiveness of force used in the extraction, no reason for the use of the label "violent," and no explanation of what he alleges Cortese did. This is Sullivan's

6

fourth attempt at a Complaint in this case, and he has failed to state a plausible claim for excessive force against Cortese.

Sullivan's failure to intervene claim is similarly lacking. The only allegation regarding Cortese's failure to intervene is in ¶ 17, which asserts that Cortese was aware of Wold's unconstitutional conduct and did not intervene. Detention officers, like police officers, "have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996) *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (citation omitted). Sullivan has alleged only that Cortese "was aware" of Wold's actions. This allegation is too sparse to plausibly state a claim. Sullivan responds that the Court must accept his allegations as true. (Doc. 94 at 8.) But "to be entitled to the presumption of truth, allegations in a complaint or counterclaim […] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Just because Cortese was there (which Sullivan does not allege specifically) does not mean he was aware that Wold groped Sullivan's

7

genitals, or that he would have been obliged to, or had an opportunity to intervene had he observed it.

Finally, Sullivan asserts that Cortese retaliated against Sullivan because he threatened to file a lawsuit. (Doc. 73 at 6.) However, Sullivan has alleged no facts regarding Cortese's supposed knowledge of any lawsuit. There are no allegations that would notify Cortese of the circumstances under which Cortese learned about the lawsuit, and what actions manifested Cortese's intent to retaliate. Sullivan fails to state a retaliation claim against Cortese.

Based on the foregoing, the Court will grant Cortese's Motion for Judgment on the Pleadings.

C. Defendant Eric Fahiner's Motion for Judgment on the Pleadings (Doc. 84.)

Defendant Fahiner's brief takes a similar approach as Cortese's, focusing on the limited factual allegations directed at him. (Doc. 85.) The factual allegations in the Third Amended Complaint that are directed to Fahiner are that Fahiner was a guard, ¶ 3; Fahiner was aware of Wold's unlawful conduct towards Sullivan and failed to intervene, ¶¶ 17, 31; and that Fahiner took adverse action against Sullivan because Sullivan threatened to file a lawsuit, ¶ 34.

Applying the same analysis as above, Sullivan's Third Amended Complaint fails to state claims against Fahiner because it does not plausibly allege sufficient

8

facts to demonstrate that Fahiner violated Sullivan's rights. Accepting the facts of Sullivan's Third Amended Complaint as true, Fahiner is entitled to judgment on the pleadings.

D. Defendant Patrick Shorter's Motion for Judgment on the Pleadings (Doc. 86.)

Sullivan's factual allegations against Defendant Shorter are even more sparse. The only specific allegation is that Shorter was aware of Wold's unlawful conduct and did not intervene. (Doc. 73 at ¶ 17.) Sullivan also directs his blanket retaliation claim against Shorter. *Id.*, at ¶ 34. For the same reasons explained above, the Court will grant Shorter's Motion for Judgment on the Pleadings.

E. Yellowstone County's Motion for Judgment on the Pleadings (Doc. 82.)

Sullivan's Third Amended Complaint contains more allegations against Yellowstone County than it does any other defendant than Wold. (Doc. 73 at 4 – 5.) First, he asserts that the County is responsible for several bad acts of the individual defendants, based on its policies or failure to train, heeding the limitations of *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) ("[A] municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates.") Sullivan alleges that there is a pattern of assaults by Yellowstone County Detention staff, "who are not properly disciplined, and that supervisory staff turn a blind eye to correcting

9

such behavior." (Doc. 73 at 4.) Sullivan also alleges that Yellowstone County has a policy, practice, and/or custom of inaction and failure to train related to these purported assaults, *id.*, and a practice or custom of retaliation against inmates who threaten to file grievances and lawsuits. (Doc. 73 at 5.) The final allegation against Yellowstone County is that it denied Sullivan medical care in violation of the 8th Amendment. (Doc. 73 at 6.)

The *Starr* admonition stated above—that one may not only recite the elements of a cause of action--applies to pleading the existence of a policy or custom for claims against municipal entities. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). It is not enough to simply state that a policy or practice exists, without richer factual context. As such, Sullivan must allege more facts that reflect a policy or practice; he cannot just state such a policy exists. Even where he claims to base his allegations on "camera evidence" he has viewed, he fails to state exactly what happened and when, that would reflect any policy or practice. (Doc. 73 at 4.) Sullivan fails to state a claim against Yellowstone County.

Sullivan's medical care claim is similarly deficient, as explained in this Court's prior order dismissing the first iteration of this claim. (Doc. 25 at 4.) Sullivan does not allege facts that show he had a serious medical need, nor facts showing that any defendant was deliberately indifferent to that need. Sullivan fails

10

to state a medical care claim against Yellowstone County. Yellowstone County's Motion for Judgment on the Pleadings will be granted. If Sullivan should learn facts in discovery that would allow him to state these claims, he may move to amend his Complaint.

F. Officer Wold's Motion for Partial Judgment on the Pleadings (Doc. 88.)

Defendant Wold is in a different position from the other Defendants in this matter, as the Court has previously determined that Sullivan's Second Amended Complaint was sufficient to proceed against Wold. In his motion here, Wold seeks judgment on the pleadings on two of Sullivan's claims, medical care, and retaliation for speech. (Doc. 89 at 2.) Wold's counsel mistakenly filed his motion twice, without a brief. However, the motion outlines the argument sufficiently for the Court to make a determination under the Fed. R. Civ. P. 12(c) standard. Sullivan has not plausibly alleged that Wold denied him medical care. He does not allege, and has not through his four Complaints, that Wold was deliberately indifferent to a serious medical need. Wold is entitled to judgment on the pleadings only on that claim.

III. SULLIVAN'S MOTION FOR THE APPOINTMENT OF COUNSEL

Sullivan has renewed his motion for counsel. (Doc. 93.) However, he has not shown why his case is the extraordinary one that merits appointment of counsel. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). He

11

has litigated his case competently thus far. His case will be added, at his request, to the Court's online listing of pro bono cases seeking counsel. (Doc. 93 at 2.)

IV. CONCLUSION

The Court will grant the motions as explained above. Separately, the Court will issue a Scheduling Order that will govern future proceedings in this matter.

Accordingly, the Court enters the following:

ORDER

1. Defendant Dakota Cortese's Motion for Judgment on the Pleadings (Doc. 80) is GRANTED.

2. Defendant Yellowstone County's Motion for Judgment on the Pleadings (Doc. 82) is GRANTED.

3. Defendant Eric Fahiner's Motion for Judgment on the Pleadings (Doc. 84) is GRANTED.

4. Defendant Patrick Shorter's Motion for Judgment on the Pleadings (Doc. 86) is GRANTED.

5. Defendant Bradley Wold's Motion for Partial Judgment on the Pleadings (Doc. 88) is GRANTED in part and DENIED in part, as explained above.

6. Plaintiff Ryan Patrick Sullivan's Motion to Appoint Counsel (Doc. 93) is DENIED.

7.	At all times, Sullivan must keep the Court and Defendants notified of any change of address.

DATED this 21st day of November, 2022.

Susan P. Watters, District Judge
United States District Court