Melissa A. Williams
Deputy Yellowstone County Attorney
Yellowstone County Courthouse, Room 312
P.O. Box 35025
Billings, Montana 59107-5025
(406) 256-2832
mwilliams@yellowstonecountymt.gov

*Attorney for Bradley Wold*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRADLEY WOLD, ) <br> ) <br> Defendant. ) <br> _____) | Cause No. CV 20-80-BLG-SPW-TJC <br><br> **BRADLEY WOLD'S BRIEF IN SUPPORT OF MOTION TO STRIKE THIRD AMENDED COMPLAINT** |

## Introduction

On December 19, 2022, Ryan Sullivan filed his proposed third amended complaint related to what occurred on November 7, 2019 in the Yellowstone County Detention Facility. ECF No. 104. Bradley Wold has filed a motion for the Court to strike Sullivan's filing of a third amended complaint. ECF No. Companion Motion to be Filed. Sullivan did not follow the procedure to file an amended complaint. Sullivan did not file a motion for leave to file an amended complaint. Sullivan

simply filed the proposed third amended complaint. Sullivan filed the proposed third complaint after the deadline to file a motion for leave to file an amended complaint. On December 16, 2022, the deadline for Sullivan to file a motion for leave to file an amended complaint expired. ECF No. 102, p. 1. On December 19, 2022, Sullivan filed the proposed third amended complaint. ECF No. 104. In his proposed third amended complaint, Sullivan reiterates the same claims he made against Cortese, Shorter and Fahrner in his second amended complaint that the Court has already granted these parties judgment on these claims. Wold files this brief in support of the motion.

## Procedural History

On June 11, 2020, Sullivan filed a complaint. ECF No. 2. This was Sullivan's first complaint. On November 5, 2020, after the Court reviewed the complaint, it dismissed the complaint for failure to state a claim. ECF No. 16. The Court allowed Sullivan to file an amended complaint. *Id.*

On December 2, 2020, Sullivan filed his first amended complaint against Wold. ECF No. 20. This was Sullivan's second complaint. Sullivan, an inmate in the Yellowstone County Detention Facility, alleged Wold, a guard in the Facility, violated his right against excessive use of force. *Id.* On May 10, 2021, after the Court reviewed the amended complaint, it found the amended complaint stated a claim against Wold and requested Wold waive service of the amended complaint.

ECF No. 25.  Wold did not waive service of the amended complaint.  On October 18, 2021, the Court ordered Wold be served with the amended complaint.  ECF No. 39.  Wold was served with the amended complaint.  On December 3, 2021, Wold filed an answer to the amended complaint.  ECF No. 47.  Wold denied that he had violated any of Sullivan's rights.  *Id.*

On April 12, 2022, Sullivan filed a motion to file a second amended complaint.  ECF No. 63.  This was Sullivan's third complaint.  The second amended complaint continued with Wold as a defendant and added Dakota Cortese, Patrick Shorter, Garrytt Melson, Eric Fahrner, and Yellowstone County as defendants.  *Id.*  Cortese, Shorter, Melson, and Fahrner are or were guards in the Facility.  The County operates the Facility.  On May 26, 2022, the Court granted the motion.  ECF No. 72.  On May 26, 2022, the Court filed the second amended complaint.  ECF No. 73.  On June 22, 2022, Cortese, Shorter, Fahrner and the County waived service of the complaint.  ECF No. 75.  Melson did not waive service of the complaint.  *Id.*  Sullivan has never served Melson with the second amended complaint.  On July 21, 2022, Wold, Cortese, Shorter, Fahrner and the County filed answers to the second amended complaint.  ECF No. 75, 76, 77, 78, 79.  They denied that they had violated any of Sullivan's rights.  *Id.*

On September 1, 2022, Wold filed a partial motion for judgment on the pleadings and Cortese, Shorter, Fahrner and the County filed motions for judgment on the pleadings. ECF No. 80, 81, 82, 83, 84, 85, 86, 87, 88, 89. Wold's motion for judgment on the pleadings was only for partial judgment. ECF No. 88, 89. On November 21, 2022, the Court granted the motions for judgment on the pleadings. ECF No. 101. On November 21, 2022, the Court issued an amended scheduling order. ECF No. 102. The order allowed Sullivan to file a motion for leave to file an amended complaint until December 16, 2022. *Id.*

On December 19, 2022, Sullivan filed a proposed third amended complaint. ECF No. 104. This was Sullivan's fourth complaint. Sullivan did not file a motion for leave to file the third amended complaint. Sullivan simply filed the proposed third amended complaint. Sullivan filed the proposed third amended complaint after the deadline to file a motion for leave to file an amended complaint. Sullivan makes the same claims against Cortese, Shorter and Fahrner that he made in the second amended complaint that the Court granted them judgment on. See ECF No. 73, 101, 104.

## Applicable Law

A court should grant a motion to amend a scheduling order when the party moving to amend the scheduling order shows good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*,

975 F.2d 604, 608–09 (9th Cir. 1992); *Cottonwood Env't L. Ctr. v. Big Sky Water & Sewer Dist.*, 2022 WL 17662732 (D. Mont. Dec. 1, 2022); Rule 16(b), FedR.Civ.P. The primary consideration as to whether to grant a motion is the diligence of the party seeking to amend the scheduling order. *Id.*

A court should grant a motion for leave to file an amended complaint when justice requires. Rule 15(a)(2), Fed. R.Civ.P. In general, a court should grant a motion for leave to file an amended complaint, unless leave would cause undue delay to the case, the plaintiff is motivated by bad faith or a dilatory motive, the plaintiff has failed to cure deficiencies with previous amended complaints, the amended complaint would cause undue prejudice to the defendant, or the amended complaint would be futile. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003); Rule 15(a)(2), Fed. R.Civ.P.

When a plaintiff wants to file an amended complaint after the deadline in the scheduling has expired, the plaintiff must show good cause to amend the scheduling order and, after the plaintiff has shown good cause, the plaintiff must show justice requires the court to allow the plaintiff to file an amended complaint. *Johnson*, *supra* at 608; *Cottonwood Env't L. Ctr.*, *supra* at 1.

Sullivan has not filed a motion to modify the scheduling order to file a motion for leave to file an amended complaint. Sullivan has not filed a motion for leave to file an amended complaint. Sullivan has not shown good cause to modify the

scheduling order to allow filing a motion for leave to file an amended complaint. Sullivan has not shown he could not have filed a motion for leave to file an amended complaint within the time allowed by the Court in the scheduling order. Sullivan has not shown why justice requires the Court to allow him leave to file a third amended complaint. Sullivan made the same claims against Cortese, Shorter and Fahrner in the proposed third amended complaint as he made in the second amended complaint. The same deficiencies as to those claims exist in the third amended complaint as they existed in the second amended complaint. It would be futile for the Court to allow Sullivan to file the third amended complaint.

In Sullivan's second amended complaint, he makes the claims Wold, Cortese, Shorter, Melson and Fahrner violated his right against excessive use of force when Wold groped his genitals, ECF No. 73, p. 6, ¶ 32, violated his right against excessive use of force when they failed to intervene to stop Wold from groping Sullvan's genitals, *Id.* at p. 5, ¶ 31, violated his right to protection when Wold placed Sullivan in a cell with another inmate who punched Sullivan in the face, *Id.,* and violated his right to freedom of speech when Wold placed Sullivan in another unit because he threatened to file a lawsuit against Wold, *Id.* at p. 6, ¶ 34.

In Sullivan's proposed third amended complaint, he makes claims Wold, Cortese, Shorter, Melson, and Fahrner violated his right to freedom of speech when they retaliated against him for threatening to file a lawsuit against them for forcing

him to remove graffiti from his cell, ECF No. 104, p. 5, ¶¶ 24-28, they violated his right to protection when they failed to protect him from another inmate who punched him in the face, *Id.* at pp. 5-6, ¶¶ 29-33, they violated his right against excessive use of force when they allowed Wold to grope his genitals, *Id.* at p. 6, ¶¶ 34-37, and Cortese, Melson, and Fahrner violated his right against excessive use of force when they did not intervene to stop Wold from groping his genitals, *Id.* at pp. 6-7, ¶¶ 38-43.

Sullivan makes the same claims against Cortese, Shorter, and Fahrner in the third amended complaint as he made against them in the second amended complaint. ECF No. 73, 104. The Court granted them judgment on the pleadings on these claims. ECF No. 101. The third amended complaint does not add any additional factual allegations against them that were not already made against them in the second amended complaint. ECF No. 73, 104. Sullivan can proceed on the second amended complaint on the excessive use of force, failure to protect and retaliation claims against Wold. The third amended complaint would be futile to again make the same claims against Cortese, Shorter and Fahrner.

## Conclusion

The Court should grant the motion and strike Sullivan's third amended complaint. Sullivan did not file a motion for leave to file the proposed third amended complaint. Sullivan did not explain why justice requires the Court to allow him to

file another amended complaint. Sullivan filed the proposed third amended complaint after the deadline to file a motion to file an amended complaint. Sullivan did not explain why good cause existed for the Court to modify the scheduling order to allow him to file a motion for leave to file a third amended complaint. The proposed third amended complaint would be futile. It states the same claims it stated against Cortese, Shorter, and Fahrner in the second amended complaint that the Court previously granted them judgment on.

Based on the second amended complaint, Sullivan has claims against Wold for excessive use of force, failure to protect and retaliation. Wold allegedly groped Sullivan's genitals during a pat down. Wold denies he groped Sullivan's genitals. Wold placed Sullivan in a cell with an inmate who punched Sullivan in the face. Wold admits he placed Sullivan in a cell and an inmate punched Sullivan in the face. Wold allegedly moved Sullivan from one unit to another unit because Sullivan threatened to file a lawsuit against Wold if Wold forced Sullivan to remove graffiti from Sullivan's cell. Wold admits he moved Sullivan from one unit to another unit. Wold denies he moved Sullivan because of a threat of a lawsuit. Wold moved Sullivan because he failed to follow an order.

The Court should proceed on Sullivan's second amended complaint and not allow him to file a third amended complaint. The claims against Cortese, Shorter, and Fahrner in the third amended complaint have already been resolved with the

motions for judgment on the pleadings with the second amended complaint. The fourth complaint does not add anything new related to them that was not contained in the second amended complaint.

Dated this 7th day of April, 2023.

/s/ Melissa A. Williams<br>
Melissa A. Williams<br>
Deputy Yellowstone County Attorney

## Certificate of Compliance

Pursuant to Rule 7.1(d)(2)(E) of the Local Rules of the United States District Court for the District of Montana, Melissa A. Williams, counsel of record for Bradley Wold, certifies the word count of the brief is 1,866 words. The word count excludes the caption, certificate of compliance, table of contents and authorities, exhibit index and certificate of service.

## Certificate of Service

I certify that on the date below I served a copy of the attached Bradley Wold's Brief in Support of Motion to Strike Third Amended Complaint on the following people by the following means:

```
  1    CM/ECF
_____  Hand Delivery
  2    Mail
_____  Overnight Delivery Service
_____  Fax
_____  E-mail
```

1. Clerk, U.S. District Court

2. Montana State Prison
   Attn: Ryan Patrick Sullivan #3025411
   700 Conley Lake Road
   Deer Lodge, MT 59722
   *Pro Se Plaintiff*

   Dated this 7th day of April, 2023.

/s/ Melissa A. Williams
Melissa A. Williams
Deputy Yellowstone County Attorney